-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

IAN GOOLSBY, Sr., 08B0632,

        Plaintiff,

        -v-

CITY OF ELMIRA, ELMIRA POLICE
DEPARTMENT, ELMIRA POLICE OFFICER
OAKS, ELMIRA POLICE OFFICER ADAMS,
ELMIRA POLICE OFFICER MARRONE,
ELMIRA POLICE OFFICER JOHN DOE # 1,
ELMIRA POLICE OFFICER JOHN DOE # 2,
ELMIRA POLICE OFFICER JOHN DOE # 3 and
ELMIRA POLICE OFFICER JOHN DOE # 4,
        Defendants.

**DECISION AND ORDER**
07-CV-631A



---

    Plaintiff, who is incarcerated in the Collins Correctional Facility, has amended his complaint as directed by the Court in it's Order of March 24, 2008. Plaintiff's amended complaint has been screened by the Court with respect to the 28 U.S.C. §§ 1915(e) and 1915A criteria.

    Plaintiff has named the City of Elmira, pursuant to which Police Department policy he alleges his rights were violated. Plaintiff has also named the Elmira Police Department. A city is a municipality under New York law, see *Baker v. Willett,* 42 F.Supp.2d 192, 198 (N.D.N.Y.1999) (citing N.Y. Gen. Mun. Law § 2 (McKinney 1986)); and "[a] police department is an administrative arm of the municipal corporation." *Id.* (citing *Loria v. Town of Irondequoit,* 775 F.Supp. 599, 606

(W.D.N.Y.1990)) (other citation omitted). Therefore, "[a] police department cannot sue or be sued because it does not exist separate and apart from the municipality and does not have its own legal identity." *Id.* (citations omitted) (holding that the county sheriff's department was an administrative arm of the county and that the claims against the county sheriff's department were redundant of the claims against the county). Plaintiff could name the individual within the Elmira Police Department whom he believes is responsible for the alleged policy, but he cannot sue the Police Department itself in addition to the City of which it is a department. The Elmira Police Department is dismissed as a defendant to this action as redundant.

The Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Amended Complaint, and this Order upon the City of Elmira, Elmira Police Officer Oaks, Elmira Police Officer Adams, and Elmira Police Officer Marrone, without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor. Pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to answer the complaint.

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated: _Dec. 24_, 2008